UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUSTIN CHARNOCK,

        Petitioner,

    v.

EL DORADO COUNTY,

        Respondent.

Case No.  2:26-cv-1068-DJC-JDP (P)

ORDER

Petitioner, a state prisoner, brings this section 2254 action for federal habeas relief and argues that: (1) his trial counsel violated his rights by waiving his right to be present for court proceedings without his knowledge or consent; and (2) he did not receive the amount of presentence credits contemplated by his plea agreement. ECF No. 1 at 5-8. After reviewing the petition, I find that it fails to state a cognizable federal habeas claim. I will recommend that it be dismissed with leave to amend. Additionally, petitioner must submit either a completed application to proceed *in forma pauperis* or the five-dollar filing fee for a federal habeas action.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the

1

petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Neither of the grounds raised in the petition give rise to a cognizable federal habeas claim. First, petitioner argues that his counsel waived his presence at a hearing without his knowledge or consent and that, somehow, this led to a different application of pre-sentencing credits than the one he believes he is entitled to.  ECF No. 1 at 7.  In the same breath, however, petitioner argues that he received assurances about the application of credits from his own counsel, the district attorney, and the state judge.  *Id.*  Thus, it is unclear how his absence from the hearing prejudiced him in any way.  Presumably these entities would have made the same representations (whether honestly or dishonestly) at the hearing he was not present for.  The Supreme Court has held that "a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987).  Here, it does not appear that petitioner's presence would have so contributed.

Second, other courts have held that the calculation and application of sentencing credits does not give rise to a viable federal habeas claim.  *See Dixon v. Warden*, No. ED CV 21-1568 ODW (RAO), 2022 U.S. Dist. LEXIS 27451, *19 (C.D. Cal. Jan. 27, 2022) ("The calculation and application of the custody credits to which Petitioner was entitled is a question of state law and is not a cognizable federal habeas claim.").

I will dismiss the petition so that petitioner may explain why this action should still proceed.  If he files an amended petition it should be titled "First Amended Petition" and be completed on the form included with this order.  Finally, petitioner is advised that this action will not proceed in any fashion absent submission of either the filing fee or a completed application to proceed *in forma pauperis*.

Accordingly, it is ORDERED that:

1.    The petition, ECF No. 1, is DISMISSED with leave to amend.

2.    Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

3.    Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4.    The Clerk of Court shall send petitioner a habeas petition form and with this order. If he files an amended complaint, he must use this form.

5.    The Clerk of Court shall also send petitioner an *in forma pauperis* application with this order. Petitioner must submit either the completed form or the five dollar filing fee alongside any amended petition he files.

IT IS SO ORDERED.

Dated:    April 24, 2026                    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3